EDWIN A. POTTER, Receiver,

*v.*

PATRICK H. O'DONNELL, Admr.

*Opinion filed October 25, 1902.*

1. TRIAL—*when questions of defendant's negligence and plaintiff's care are for the jury.* If the plaintiff's evidence shows that the car which killed plaintiff's intestate approached the crossing at a high rate of speed without giving a signal and that the deceased attempted to cross the track in the usual way, whereas the defendant's evidence is directly to the contrary, the questions of negligence by defendant and due care by the deceased are for the jury.

2. EVIDENCE—*what competent as to speed of electric car.* If a witness has testified that she knows when an electric car is going at full speed and when it is not, she may be allowed to state that the car which struck the plaintiff's intestate was going at full speed, she being a passenger on the car at the time.

*Potter* v. *O'Donnell*, 101 Ill. App. 546, affirmed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

FRANK W. WELCH, for plaintiff in error.

W. D. MUNHALL, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Defendant in error, as administrator, etc., brought his action against the plaintiff in error, under the provisions of our statute, for negligently causing the death of his intestate, Andrew Muszynski. He recovered a judgment in the superior court of Cook county in the sum of $3000 and for costs of suit. The defendant company appealed to the Appellate Court for the First District, where the judgment below was affirmed by the branch of that court, and it now brings the record to this court by writ of error.

On the evening of December 25, 1897, plaintiff's intestate was attempting to cross Ninety-first street on Ex-

change avenue, when he was struck by a trolley car of the defendant, receiving injuries from which he soon after died. The declaration charged, among other things, that the employees of the defendant company were at the time negligent in running the car at a high and dangerous rate of speed, and in failing to sound the gong or give other signal at the crossing. The defense denied these allegations, and also insisted, upon the trial, that the deceased was guilty of such contributory negligence as ought to prevent his administrator from recovering in this action.

It is urged in this court that the trial court erred in refusing to take the case from the jury, for the reason, first, that there was no evidence tending to support the allegations of the declaration, either as to the negligence of the defendant or the alleged due care on the part of the deceased; and second, that incompetent evidence was admitted over the objection of counsel for the defendant. No other questions of law are raised. As to the first, it need only be said that the evidence was conflicting, it being clearly established by the evidence of witnesses introduced on behalf of plaintiff that the car approached the crossing at a high and dangerous rate of speed, and that no signal whatever was given, whereas the motorman testified directly to the contrary. As to the question of due care on the part of the deceased, there was evidence tending to prove that he attempted to cross the street in the usual way, where he had the unquestioned right to be. It is true, the evidence on behalf of the defendant tended to prove that the car was provided with a headlight, and that for a considerable distance before it reached the place of the accident it was plainly visible to persons approaching the crossing from the north, as the deceased did; but it cannot be said that there is no evidence in the record fairly tending to prove that the plaintiff was at the time in the exercise of ordinary care, and if his administrator cannot recover by reason

of the fact that the deceased was himself negligent, it must be because the evidence on behalf of the defendant proves affirmatively that he was so guilty.    Therefore, upon both these issues it was for the jury to determine whether plaintiff had established his case or not.    Having found in his favor, and that finding being affirmed by the Appellate Court, it is not within our province to interfere.

The only claim that incompetent evidence was admitted is as to the testimony of a witness for the plaintiff, Miss Mary Rowan.    As shown by the abstract, she was asked by counsel for plaintiff, "Up to the time of this accident you had been in the habit of riding on this line of cars?" to which she answered, "Yes, sir."

"You know when they are running at full speed and when they are not, do you not?    (Objected to by defendant's counsel; objection overruled and exception taken.)

The court:    "Answer that, yes or no.

A. "Yes.

Plaintiff's counsel:    "Were they, or were they not, running at full speed at the time this man was struck? (Objected to, overruled and exception.)

A. "Yes."

Counsel for defendant then asked to have the answer stricken out, which was denied.    It will be seen that no objection was made to the form of the questions propounded.    The witness had previously stated, "Don't know how fast the car was running, but it was running at a good speed."    The witness having answered that she knew when the cars were running at full speed and when they were not, we see no reason why she might not answer as to whether the car which struck the deceased was or was not at the time running at full speed.    What the effect of that evidence would be,—that is, whether it proved the plaintiff's allegation that it was running at a high rate of speed,—was for the jury.    We regard the testimony as substantially free from objection.    The rate

of speed at which locomotives and cars are being run at a particular time is generally a matter of opinion.

The verdict of the jury in this case, we think, is fully sustained by the evidence introduced on behalf of the plaintiff, and there being no errors of law, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*